IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PAUL BUSTAMANTE | § | |
| v. | § | CIVIL ACTION NO. 6:08cv458 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Paul Bustamante, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of disciplinary action taken against him within the Texas prison system. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Bustamante states that he was convicted of the disciplinary offense of use or possession of unauthorized drugs, and use or possession of tobacco products. The evidence offered at his disciplinary hearing showed that an inmate named Bailey was having his cell searched and threw his boxer shorts over the run. Sgt. Morris ordered Bustamante, who was working as a janitor downstairs, not to get the shorts, but Bustamante did anyway, and then went out of sight. Morris went downstairs and Bustamante was coming out of the shower; when Morris went into the shower, he found a plastic bag containing the marijuana and tobacco. No other inmates were coming out of the shower.

In his petition, Bustamante complains that he received ineffective assistance from his counsel substitute, Regina Oliver, and that Oliver and the grievance officials failed to review the video tape from the run or present it at the hearing, which denied him the right to present his defense.

1

The Magistrate Judge ordered the Respondent to answer, and Bustamante filed a response to the answer. After review of the pleadings and records in the case, including the disciplinary hearing tape, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge noted that there was no evidence that a video tape actually existed, much less that this tape would prove Bustamante's innocence. The Magistrate Judge also stated that no constitutional right to effective assistance of counsel exists within the context of prison disciplinary proceedings, and that Bustamante's claim that the grievance officials did not review the video tape failed to implicate a constitutionally protected liberty interest.

The Magistrate Judge stated that sufficient evidence existed to support the finding of guilt, in the form of Sgt. Morris' testimony that Bustamante retrieved the boxer shorts after being ordered not to do so, and was seen moments later coming out of a shower, in which the contraband was found. Thus, the Magistrate Judge recommended that the petition be denied and that Bustamante be denied a certificate of appealability *sua sponte*.

Bustamante filed objections to the Magistrate Judge's Report on June 18, 2009. In his objections, Bustamante says first that he had refused to consent to proceed before the Magistrate Judge. However, under 28 U.S.C. §636(b), the consent of the parties is not required for a referral of a case to the Magistrate Judge for pre-trial proceedings, including the issuance of reports recommending disposition of a case where appropriate. Consent is only required under Section 636(c) for the Magistrate Judge to enter final judgment in the proceeding, which has not happened in this case. Bustamante's objection on this point is without merit.

Next, Bustamante complains that the disciplinary hearing had to be paused to allow his counsel substitute to consult with him about the case. The tape of the hearing shows that this was done because Bustamante said that he had not had an opportunity to discuss the charges with his counsel substitute. He has failed to show any harm in the fact that the hearing was paused to allow him to do so. This objection is without merit.

Third, Bustamante says that it was during this discussion that he told Oliver that nothing had been found on him and that a review of the video tape would confirm this; he says that just because he was seen coming out of the shower does not show that he put the contraband in there. Bustamante cites Broussard v. Johnson, 253 F.3d 874 (5th Cir. 2001). In Broussard, two inmates were charged with escape based on information from a confidential informant that they had hidden bolt cutters in the kitchen. The bolt cutters were discovered in an area to which a number of inmates had access, but the basis of the grant of habeas corpus relief was the fact that no independent assessment had been made of the reliability of the confidential informant, and without the evidence of the informant, there was not sufficient evidence to uphold the conviction.

In the present case, by contrast, Bustamante picked up a pair of boxer shorts after being told to do so and then went out of sight. The officer came downstairs and saw him coming out of the shower. Bustamante was the only inmate coming out of the shower and the contraband was discovered inside. Only a short period of time elapsed between the order not to pick up the shorts and Bustamante being observed coming out of the shower, where the contraband was discovered. While it is true that Bustamante, as a janitor, had reason to go into the showers, to clean them, and it is true that other inmates had access to the showers, the evidence in this case, albeit circumstantial, is sufficient to support the finding of guilt. Broussard is distinguishable because there was no confidential informant testimony in the present case. His objection on this point is without merit.

Finally, Bustamante argues that a reasonable investigation required at the very least that the video tape be viewed, because this tape would have shown that Sgt. Morris was mistaken when he said that he saw Bustamante come out of the shower. Although Bustamante argues that Morris was on Three Row and he, Bustamante, was on One Row, and so Morris could not see whether he came out of the shower or not, the evidence at the disciplinary hearing showed that Morris came downstairs, where he saw Bustamante coming out of the shower. Even assuming that a video tape existed, Bustamante has offered nothing beyond speculation to show that such a tape would in fact "prove his innocence." Although Bustamante argues that the shower is a common place, that other

inmates had access to it, and that he had reason to be in the shower because he worked as a janitor, his grievances take a wholly different tack, saying that the contraband was not found in the shower at all but rather in the dayroom. Furthermore, Bustamante fails to explain why he picked up the boxer shorts after being told not to do so. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response to the answer, the state administrative records and tape of the disciplinary hearing, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Paul Bustamante is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 25th day of June, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**